UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RAYMOND ENGLE,

      Plaintiff,                          Case No. 3:16-cv-27

vs.

UHAUL, *et al.*,                      District Judge Walter H. Rice
                                           Magistrate Judge Michael J. Newman

      Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) PLAINTIFF'S *PRO SE* COMPLAINT (DOC. 2) BE DISMISSED WITH PREJUDICE IN PART; (2) ALL CLAIMS AGAINST DEFENDANT RUEHLMAN BE DISMISSED WITH PREJUDICE; (3) SERVICE AGAINST DEFENDANT RUEHLMAN NOT ISSUE; AND (4) SERVICE AGAINST THE REMAINING DEFENDANTS ISSUE**

---

      This civil case is before the Court for a *sua sponte* review -- pursuant to 28 U.S.C. § 1915(e)(2) -- of the complaint filed by *pro se* Plaintiff Raymond Engle ("Engle"). Engle filed a motion for leave to proceed *in forma pauperis* ("IFP") on January 5, 2016. Doc. 1. The Court granted Engle's motion to proceed IFP, but held service of the complaint pending a review under § 1915(e)(2). *See* Notation Order dated Jan. 22, 2016. It is appropriate for the Court to conduct this review *sua sponte* prior to issuance of process "so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

**I.**

      In accordance with 28 U.S.C. §1915(e)(2), this Court must perform an initial review of the instant action. *McGore v. Wrigglesworth*, 114 F.3d 601, 604-05 (6th Cir. 1997). Upon

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

review, the Court must dismiss any case it determines is "frivolous or malicious," fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B).

A complaint should be dismissed as frivolous if it lacks an arguable basis in law or fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke*, 490 U.S. at 325.  A plaintiff sets forth no arguable factual basis where the allegations asserted are "fantastic or delusional"; and presents no arguable legal basis when advancing "indisputably meritless" legal theories, *i.e.*, when the defendant is immune from suit, or when the plaintiff claims a violation of a legal interest which clearly does not exist.  *Neitzke*, 490 U.S. at 327-28; *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000).

Courts may also dismiss a complaint *sua sponte* for failure to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).  While *pro se* pleadings are "to be liberally construed" and are "held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*), *pro se* plaintiffs must still satisfy basic pleading requirements.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Specifically, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ogle v. Columbia Gas Transmission, LLC*, 513 F. App'x 520, 522 (6th Cir. 2013).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (applying the *Iqbal* and *Twombly* standards to a § 1915 review).

## II.

In conducting this initial review under 28 U.S.C. § 1915, the Court has liberally construed Engle's allegations. This case appears to arise from an automobile accident that occurred on or about January 15, 2015 in Indiana when a Uhaul vehicle -- driven by an unidentified person -- "crossed the center line and hit [Engle] in the [d]river's side front [fender]." Doc. 2 at PageID 27. Engle alleges serious injury arising from the automobile accident. *Id.* Following the accident, Engle allegedly sought treatment at the Eskenazi Health Center and the Veterans Affairs Hospital in Dayton, Ohio ("VA Hospital"). *Id.* at PageID 28-29. Engle alleges that he received improper treatment at these medical facilities. *Id.*

At the time of the accident, Engle was insured by Defendant Day Air Insurance, LLC ("Day Air"). *Id.* at PageID 26. Engle alleges delay on the part of Day Air in processing his claim. *Id.* Engle also purports to assert claims against Safeco Insurance Company ("Safeco"), its claims representative Suzanne Thomas, and its casualty specialist Peter Brown. *Id.* at PageID 29. Engle does not allege that he was insured by Safeco, but does allege that Safeco and Ms. Thomas "viciously and maliciously snickered and/or laugh[ed] at [his] demise and refused to settle this matter in a respectful manner." *Id.* For purposes of this § 1915 review, the undersigned construes the allegations in Engle's favor and assumes that, in addition to his insurance with Day Air, he was also insured by Safeco.

### A. VA Hospital

The undersigned first addresses Engle's claims against the VA Hospital. The Court liberally construes Engle's allegations to allege a claim of medical malpractice against the VA. *See* doc. 2 at PageID 29. Malpractice claims against the VA must be asserted pursuant to the Federal Torts Claims Act ("FTCA"). *See Glarner v. U.S., Dep't of Veterans Admin.*, 30 F.3d

697, 700 (6th Cir. 1994).  "Courts applying the FTCA look to the substantive tort law of the state in which the cause of action arose to determine liability and damages."  *Huddleston v. United States*, 485 F. App'x 744, 745 (6th Cir. 2012).  Because Engle alleges treatment at the Dayton, Ohio VA facility, the undersigned will apply Ohio law.  In doing so, the undersigned finds that Engle's claim against the VA must be dismissed for two reasons.

First, Engle has failed to exhaust his administrative remedies available under the FTCA, which provides that "[a] FTCA action cannot be brought against the United States 'unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall been finally denied by the agency in writing and sent by certified or registered mail.'" *Schappacher v. United States*, 475 F. Supp. 2d 749, 752-53 (S.D. Ohio 2007) (citing 28 U.S.C. § 2675(a); *Lundstrum v. Lyng*, 954 F.2d 1142, 1145 (6th Cir. 1991)).  Engle pleads no facts alleging that he presented his claim to the appropriate Federal agency, or that such claim was denied.  Accordingly, such claim must be dismissed for failure to exhaust administrative remedies.  Because the time period for making such an administrative claim has not expired, the undersigned recommends that such claim be dismissed without prejudice.

Second, Engle's complaint is not accompanied by an affidavit of merit -- a requirement under Ohio Civ. R. 10(D)(2).[2]  Although not addressed by the Sixth Circuit, Judges within the Southern District of Ohio have held that the affidavit of merit requirement set forth in Ohio Civ. R. 10(D)(2) is a substantive state law applicable to FTCA claims brought in Ohio federal courts.

---

[2] This Rule requires that "a complaint that contains a medical claim, dental claim, optometric claim, or chiropractic claim, as defined in section 2305.113 of the Revised Code, shall include one or more affidavits of merit relative to each defendant named in the complaint for whom expert testimony is necessary to establish liability." Ohio Civ. R. 10(D)(2).  Such an affidavit must be "provided by an expert witness[,]" and must certify that the expert: (1) "reviewed all medical records reasonably available to the plaintiff concerning the allegations contained in the complaint"; (2) "is familiar with the applicable standard of care"; and (3) believes "that the standard of care was breached by one or more of the defendants to the action and that the breach caused injury to the plaintiff." *Id*.

4

*See Willis v. U.S., Dep't of Veteran's Affairs*, No. 2:12-CV-867, 2013 WL 3155785, at *3 (S.D. Ohio June 20, 2013) (stating that "it is well-established that the affidavit requirement is substantive in nature, such that [plaintiff's] claim under the FTCA must satisfy it"). Accordingly, Engle's malpractice claim against the VA must also be dismissed without prejudice for failure to comply with Ohio's substantive affidavit of merit requirement. *See* Ohio Civ. R. 10(D)(2)(d) (stating that "dismissal for the failure to comply with this rule shall operate as a failure otherwise than on the merits").

Accordingly, based on the foregoing, the undersigned **RECOMMENDS** that Engle's claim against the VA be **DISMISSED WITHOUT PREJUDICE**.

### B.     Eskenazi Health

The Court next addresses Engle's claim against Eskenazi Health, which is based upon treatment he received at an Eskenazi facility in Indiana on January 17, 2015. *See* doc. 2 at PageID 28-29. The undersigned construes Engle's allegations in this regard as a state law claim for medical malpractice. In cases in which this Court exercises jurisdiction on the basis of diversity,[3] Ohio choice-of-law rules govern. *Logan Farms v. HBH, Inc. DE*, 282 F. Supp. 2d 776, 788 n.6 (S.D. Ohio 2003) (citing *Mill's Pride, Inc. v. Continental Ins. Co.*, 300 F.3d 701, 704 (6th Cir. 2002)). Pursuant to Ohio law, "courts will apply the rule of *lex loci delecti*, the law of the place where the tort occurs, unless another state has a more significant relationship to the action." *Id*. (citing *Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003)).

---

[3] In the absence of a viable claim against the United States by virtue of alleged medical malpractice at the Dayton VA Hospital, there are no claims over which this Court has federal question jurisdiction. However, because all Defendants appear to reside in different states, and because the amount in controversy appears to exceed $75,000, the Court does have diversity jurisdiction.

Because Engle's claim is based upon treatment he received in Indiana, the undersigned, at this initial stage of the litigation, finds Indiana law applicable to Engle's malpractice claim against Eskenazi.  At this time, the undersigned is unaware of any exhaustion requirement applicable to Eskenzai.  Further, unlike Ohio, Indiana does not have an affidavit of merit requirement.  Therefore, the undersigned finds that, at this initial stage of the litigation, Engle's claim against Eskenzai may proceed.

### C.      UHaul

Engle's claims against UHaul allege only that the individual who collided with him on January 17, 2015 was operating a UHaul vehicle.  The mere fact that the alleged tortfeasor operated a vehicle owned by UHaul at the time of the collision does not give rise to liability on UHaul's part absent any factual allegations regarding either the driver's agency relationship with UHaul (such as the driver being a UHaul employee), or UHaul's independent negligence (such as facts supporting claims of negligent entrustment or negligent maintenance).  *See McCarty v. Lynn*, 587 N.E.2d 312, 315 (Ohio Ct. App. 1990) (holding that "ownership alone of the vehicle without a showing of actual or imputed negligence on the part of the owner will not create liability"); *Hoff v. Minder*, No. 13CA31, 2014 WL 3943028, at *3 (Ohio Ct. App. Aug. 6, 2014).

Accordingly, finding that Engle sets forth no factual allegations stating a facially plausible claim against UHaul, the undersigned **RECOMMENDS** that the complaint be **DISMISSED** as to UHaul **WITHOUT PREJUDICE**.

### D.      All Remaining Defendants

The remaining claims all appear to be claims of bad faith asserted against Day Air, Safeco, and individual Safeco claims personnel.  At this early juncture, finding that diversity of

citizenship appears on the face of the pleadings, the undersigned finds that these claims may proceed.

**III.**

For the foregoing reasons, the Court **RECOMMENDS** that Engle's complaint (doc. 2): (1) be **DISMISSED WITHOUT PREJUDICE** as to claims asserted against the VA Hospital and UHaul; and (2) **REMAIN PENDING** -- and that this case proceed -- with regard to other federal and state claims asserted therein.  With regard to the claims the undersigned recommends be dismissed, Engle may file -- pursuant to Fed. R. Civ. P. 15(a) -- an amended complaint seeking to cure any of the aforementioned pleading deficiencies.

The United States Marshal is **ORDERED** to make service of process in this case under Fed. R. Civ. P. 4(c)(3).  All costs of service shall be advanced by the United States.


Date:   February 24, 2016                             *s/ Michael J. Newman*
                                                    Michael J. Newman
                                                    United States Magistrate Judge

7

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).