UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RAYMOND ENGLE,

 Plaintiff,

vs.

UHAUL, *et al.*,

 Defendants.

Case No. 3:16-cv-27

District Judge Walter H. Rice
Magistrate Judge Michael J. Newman

---

**ORDER: (1) STRIKING PLAINTIFF'S MOTION AND ATTACHMENTS THERETO (DOC. 31); AND (2) DIRECTING PLAINTIFF TO SHOW CAUSE, IN WRITING AND WITHIN 10 DAYS, AS TO WHY MONETARY SANCTIONS SHOULD NOT ISSUE AGAINST HIM AND THIS CASE DISMISSED WITH PREJUDICE**

---

This civil case is before the Court on a frivolous and vexatious filing by *pro se* Plaintiff in which he, in violation of this Court's Local Rules regarding civility and professionalism, uses profanity; describes explicit and violent sex acts; disparages and threatens opposing counsel; and makes inflammatory comments and accusations against the Court -- including inflammatory accusations of abhorrent criminal conduct against a sitting United States District Judge. Docs. 31, 31-1. Because the filing is frivolous, inflammatory, and vexatious, the Court, *sua sponte*, **STRIKES** such filing (doc. 31) from the docket.

"Courts of justice are universally acknowledged to be vested, by their very creation, with power to impose silence, respect, and decorum, in their presence, and submission to their lawful mandates." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). In addition, "it is firmly established that '[t]he power to punish for contempts is inherent in all courts.'" *Id*. at 44. In utilizing these powers, Courts may sanction a party upon finding that the party engaged in "actions taken in bad faith, vexatiously, wantonly, or for oppressive reasons." *Carroll v. Jaques*,

926 F. Supp. 1282, 1288-89 (E.D. Tex. 1996).  In this regard, courts have sanctioned litigants for name calling, *see id*. (issuing a $500 sanction for each time opposing counsel was called an "idiot"), and for using profanity in filings with the Court.  *See Crawford v. Schlappi,* 993 F.2d 1546 (6th Cir. 1993) (finding no error in the district court's decision to dismiss a "lawsuit as a sanction for filing numerous pleadings containing inappropriate and profane material").

Based upon the foregoing, the Court **ORDERS** *pro se* Plaintiff to **SHOW CAUSE**, in writing and within **10 DAYS** from the entry of this Order, as to why sanctions -- including monetary sanctions and/or dismissal of this action -- should not issue against him.  Failure to show cause in writing as ordered may result in the dismissal of this lawsuit and/or the issuance of monetary sanctions against *pro se* Plaintiff.  The Court **NOTIFIES** *pro se* Plaintiff that filing any similar frivolous and/or vexations documents in the future may result in sanctions, up to and including the dismissal of this case.  The Clerk of Courts shall immediately mail a copy of this Order to Plaintiff at his address of record.

**IT IS SO ORDERED.**


Date:  July 19, 2016                             *s/ Michael J. Newman*
                                                 Michael J. Newman
                                                 United States Magistrate Judge