UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RAYMOND ENGLE,

      Plaintiff,                          Case No. 3:16-cv-27

vs.

UHAUL, *et al.*,                        District Judge Walter H. Rice
                                        Magistrate Judge Michael J. Newman

      Defendants.

---

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT DAY AIR INSURANCE LLC'S MOTION TO DISMISS (DOC. 21) BE GRANTED; (2) THE MOTIONS TO DISMISS FILED BY THE OTHER DEFENDANTS (DOCS. 12, 16) BE DENIED AS MOOT; (3) PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT BE DENIED AS MOOT; (4) PLAINTIFF'S REMAINING MOTIONS (DOC. 18, 26, 27) BE DENIED AS MOOT; (5) PLAINTIFF'S COMPLAINT (DOC. 2) BE DISMISSED; (6) PLAINTIFF BE DENIED *IN FORMA PAUPERIS* STATUS ON APPEAL; AND (7) THIS CASE BE TERMINATED ON THE COURT'S DOCKET**

---

      This civil case is before the Court on the motions to dismiss filed by Defendants Safeco Insurance Casualty Company of Illinois ("Safeco") (doc. 12), Eskenazi Health (doc. 16), and Day Air Insurance, LLC (doc. 21). Additionally, this case is before the Court on *pro se* Plaintiff's motion for a default judgment (doc. 13), his motion to strike Safeco's motion to dismiss (doc. 18),[2] his motion to appoint counsel (doc. 26), and his motion to amend his complaint to assert class action claims (doc. 27). With regard to the motions to dismiss, *pro se* Plaintiff did file memoranda in opposition. Docs. 18, 22, 24, 25. The undersigned has carefully considered all of the foregoing, and the parties' motions are now ripe for decision.

---

    [1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.
    [2] The undersigned liberally construes this motion to strike as a memorandum in opposition to Safeco's motion to dismiss.

## I.

For purposes of this motion to dismiss, the Court must: (1) view the complaint in the light most favorable to Plaintiff, and (2) take all well-pleaded factual allegations as true.  *Tackett v. M&G Polymers*, 561 F.3d 478, 488 (6th Cir. 2009); *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009).  Here, for purposes of deciding the motions to dismiss at issue, the undersigned liberally construes the pleadings and views the allegations set forth in *pro se* Plaintiff's complaint in a light most favorable to him.

This case arises from an automobile accident that occurred on or about January 15, 2015 in Indiana when a UHaul vehicle -- driven by an unidentified person -- "crossed the center line and hit [Engle] in the [d]river's side front [fender]."  Doc. 2 at PageID 27.  Engle alleges serious injury arising from the automobile accident.  *Id*.  Following the accident, Engle allegedly sought treatment at the Eskenazi Health Center and the Veterans Affairs Hospital in Dayton, Ohio ("VA Hospital").  *Id*. at PageID 28-29.  Engle alleges that he received improper treatment at these medical facilities.  *Id*.

At the time of the accident, Engle was insured by Defendant Day Air Insurance, LLC ("Day Air").  *Id*. at PageID 26.  Engle alleges delay on the part of Day Air in processing his claim.  *Id*.  Engle also purports to assert claims against Safeco Insurance Company ("Safeco"), its claims representative Suzanne Thomas, and its casualty specialist Peter Brown.  *Id*. at PageID 29.  Engle does not allege that he was insured by Safeco, but does allege that Safeco and Ms. Thomas "viciously and maliciously snickered and/or laugh[ed] at [his] demise and refused to settle this matter in a respectful manner."  *Id*.

Plaintiff, *pro se*, commenced this civil action on January 19, 2016 against: (1) UHaul; (2) Eskenazi Health ("Eskenazi"); (3) Day Air Insurance, LLC ("Day Air"); (4) Safeco Insurance

2

Company of Illinois, specifically Senior Inside Claims Representative Suzanne Thomas and Senior Casualty Specialist Peter Brown ("the Safeco Defendants"); and (5) the VA Hospital. *See* doc. 1 at PageID 4. Subsequently, Plaintiff's claims against the VA Hospital and UHaul were dismissed on initial review under 28 U.S.C. § 1915. *See* doc. 7.

## II.

Liberally construed, *pro se* Plaintiff's complaint asserts a number of claims that arise under state law -- namely, breach of contract, negligence, medical malpractice, and bad faith. *See* doc. 2 at PageID 26-31. The undersigned previously noted that *pro se* Plaintiff's claim against the VA Hospital was the only federal claim asserted, *see* doc. 5 at PageID 46, n.3 -- a conclusion to which *pro se* Plaintiff offered no objection. *See* doc. 8. The undersigned, however, based upon the allegations then before the Court, noted that the case could proceed on the basis of diversity jurisdiction at that time. *See* doc. 5 at PageID 46, n.3.

Now, however, Defendant Day Air Insurance, LLC points to evidence available as part of the public record[3] to assert that it is a citizen of Ohio and, therefore, diversity jurisdiction does not exist in this case. *See* doc. 21 at PageID 122; *see also* doc. 21-1 at PageID at PageID 126-27. "The general rule is that all unincorporated entities -- of which a limited liability company is one -- have the citizenship of each partner or member." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009). Thus, "a limited liability company has the citizenship of each

---

[3] When considering a motion to dismiss under Fed. R. Civ. P. 12, "[i]n addition to the allegations in the complaint, the court may also consider other materials that are integral to the complaint, are public records, or are otherwise appropriate for the taking of judicial notice." *Wyser-Pratte Mgmt. Co. v. Telxon Corp.*, 413 F.3d 553, 560 (6th Cir. 2005). Information available through the Ohio Secretary of State is a public record that can be considered for deciding a motion to dismiss. *See E.E.O.C. v. Jeff Wyler Eastgate, Inc.*, No. 1:03CV662, 2006 WL 2785774, at *3 (S.D. Ohio Jan. 9, 2006); *see also Malibu Media, LLC v. Steiner*, 307 F.R.D. 470, 474 (S.D. Ohio 2015) (holding that "the Court may take judicial notice of [a] registration with the Ohio Secretary of State without converting [a Rule 12] motion into one for summary judgment, as the registration is a public record").

of its members." *Id.*; *see also Moses v. Extendicare Health Servs., Inc.*, No. 2:15-CV-2853, 2015 WL 9301375, at *2 (S.D. Ohio Dec. 22, 2015) (stating that, "[f]or purposes of determining diversity jurisdiction, a limited liability company has the citizenship of each of its members"). Here, one of Day Air's members -- William J. Burke -- is Day Air's statutory agent and, as required by Ohio Rev. Code § 1705.06(A)(1), is an Ohio resident. Accordingly, there is no diversity of citizenship amongst the parties and the Court has no jurisdiction on that basis.

Nevertheless, in response to Defendant Eskenazi's motion to dismiss, *pro se* Plaintiff mentions the Fair Debt Collection Practices Act ("FDCPA") and appears to argue that a claim under FDCPA is part of this action -- and, thus, a basis for federal question jurisdiction. *See* doc. 25 at PageID 147. However, the factual allegations set forth by *pro se* Plaintiff in the complaint fail to sufficiently allege such a claim.

Notably, a claim under FDCPA must be asserted against a "debt collector," which is defined as one whose principal business "is the collection of any debts . . . owed or due or asserted to be owed or due another." 15 U.S.C.A. § 1692a(6). Eskenazi, the entity to whom the purported debt is allegedly due, is not a "debt collector" as that term is defined under FDCPA and, therefore, no claims under that Act can be properly asserted against it. *See MacDermid v. Discover Fin. Servs.,* 488 F.3d 721, 735 (6th Cir. 2007) (finding that FDCPA claims were not properly asserted against a credit card company -- namely, Discover -- because it was not a "debt collector," and instead, was "the very party to whom the debt [was] due").

Second, *pro se* Plaintiff does not allege that Eskenazi engaged in any conduct that violates FDCPA. Instead, at best, *pro se* Plaintiff alleges that an unnamed collection agency engaged in some unidentified conduct *pro se* Plaintiff conclusorily labels as "harassment." *See* doc. 2 at PageID 28-29. Even assuming, *arguendo*, such conduct could be attributable to

4

Eskenazi, *pro se* Plaintiff pleads no facts upon plausibly supporting a claim under 15 U.S.C. § 1692d, such as facts alleging threats of violence; use of obscene or profane language; or repeated or continuous telephone calls. *Id*.

Accordingly, the undersigned concludes that any alleged FDCPA claim should be dismissed. Further, because there are no remaining federal claims, and because the parties are not diverse, the undersigned concludes that this case should be dismissed for lack of subject matter jurisdiction. Insofar as the Court could potentially exercise supplemental jurisdiction over alleged state claims, the Court should decline to do so. *See Gamel v. City of Cincinnati*, 625 F.3d 949, 951-52 (6th Cir. 2010) (stating that, in cases where the district court dismisses federal claims "before trial, the balance of considerations usually will point to dismissing the state law claims, or remanding them to state court if the action was removed").

### III.

Based upon all of the foregoing, the undersigned **RECOMMENDS** that: (1) Defendant Day Air's motion to dismiss (doc. 21) be **GRANTED** and this case be dismissed in its entirety for lack of subject matter jurisdiction; (2) *pro se* Plaintiff's motion for default judgment (doc. 13) be **DENIED AS MOOT**;[4] (3) Defendants' remaining motions to dismiss (docs. 12, 16) be **DENIED AS MOOT**; (4) Plaintiff's remaining motions (docs. 18, 26, 27) be **DENIED AS MOOT**; (5) the Court certify pursuant to 28 U.S.C. § 1915(a) that an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and, therefore,

---

[4] On April 6, 2016, *pro se* Plaintiff filed a motion for a default judgment. Doc. 13 at PageID 91. Plaintiff does not identify which Defendant(s) are allegedly in default. *Id*. Nevertheless, all Defendants -- who were not dismissed at the outset (docs. 5,7) -- appeared in the case and defended against the allegations asserted in the complaint. *See* docs. 12, 16, 21. Even assuming any Defendant failed to timely appear in this case under Rule 12(a), *pro se* Plaintiff's motion for a default judgment is rendered moot by the lack of subject matter jurisdiction in this case.

Plaintiff be **DENIED** leave to appeal *in forma pauperis*; and (6) this case be **TERMINATED** on the Court's docket.

Date:    August 23, 2016                *s/ Michael J. Newman*

                                                                 Michael J. Newman
                                                                  United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days because this Report and Recommendation is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F), and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As is made clear above, this period is likewise extended to **SEVENTEEN** days if service of the objections is made pursuant to Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).