IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

RAYMOND ENGLE, :

    Plaintiff,

  v. : Case No. 3:16-cv-27

UHAUL, et al., : JUDGE WALTER H. RICE

    Defendants. :

---

DECISION AND ENTRY ADOPTING UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS (DOC. #37); OVERRULING PLAINTIFF'S OBJECTION THERETO (DOC. #38); SUSTAINING MOTION TO DISMISS OF DEFENDANT DAY AIR INSURANCE, LLC (DOC. #21); DISMISSING WITHOUT PREJUDICE PLAINTIFF'S COMPLAINT (DOC. #2) FOR LACK OF SUBJECT MATTER JURISDICTION; OVERRULING AS MOOT ALL OF THE FOLLOWING: MOTION TO DISMISS OF SAFECO INSURANCE COMPANY OF ILLINOIS, SUZANNE THOMAS AND PETER BROWN (DOC. #12), PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT (DOC. #13), DEFENDANT ESKENAZI HEALTH'S MOTION TO DISMISS (DOC. #16), PLAINTIFF'S MOTION TO STRIKE THE MOTION TO DISMISS OF SAFECO INSURANCE COMPANY OF ILLINOIS, SUZANNE THOMAS AND PETER BROWN (DOC. #18), PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL (DOC. #26), PLAINTIFF'S MOTION FOR A CLASS ACTION AGAINST ESKENAZI (DOC. #27), PLAINTIFF'S OBJECTIONS TO DECISIONS AND ENTRIES DATED AUGUST 9, 2016, AND AUGUST 11, 2016 (DOCS. ##39 AND 40); JUDGMENT TO ENTER IN FAVOR OF DEFENDANTS AND AGAINST PLAINTIFF; DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*; TERMINATION ENTRY

---

On August 23, 2016, United States Magistrate Judge Michael J. Newman issued a Report and Recommendations, Doc. #37, recommending that the Court

grant Defendant Day Air Insurance, LLC's Motion to Dismiss, Doc. #21, dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, and deny all other pending motions as moot.

Magistrate Judge Newman noted that the Court previously dismissed without prejudice the only federal claim asserted by Plaintiff, a claim construed by the Court as a medical malpractice action brought against the Dayton Veterans Administration Hospital under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b). *See* Docs. #5, 7. Because Plaintiff failed to exhaust his administrative remedies, the Court lacked subject matter jurisdiction over the FTCA claim. *See Bumgardner v. United States*, 469 F. App'x 414, 417 (6th Cir. 2012) (holding that the exhaustion requirement is jurisdictional).

Nevertheless, the Court noted that "because all Defendants appear to reside in different states, and because the amount in controversy appears to exceed $75,000, the Court does have diversity jurisdiction." Doc. #5, PageID#46 n.3. In its Motion to Dismiss, however, Defendant Day Air Insurance, LLC, argues that diversity jurisdiction does *not* exist, because Plaintiff is a resident of Ohio, as is one of Day Air's members. Doc. #21.

Magistrate Judge Newman noted that, in response to Defendant Eskenazi's Motion to Dismiss, Plaintiff implied that he may also have a claim under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* Magistrate Judge Newman concluded, however, that the factual allegations in the Complaint were insufficient to state a colorable FDCPA claim. He then stated that, "because

2

there are no remaining federal claims, and because the parties are not diverse, the undersigned concludes that this case should be dismissed for lack of subject matter jurisdiction. Insofar as the Court could potentially exercise supplemental jurisdiction over alleged state claims, the Court should decline to do so." Doc. #37, PageID#219.

Plaintiff has filed a timely Objection to the Report and Recommendations, Doc. #38. He challenges Magistrate Judge Newman's finding concerning the lack of diversity jurisdiction. He appears to argue that, even if one of Day Air's members is a citizen of Ohio, this should be disregarded, given that Day Air sub-contracted with Safeco Insurance Company of *Illinois*.

The Court OVERRULES Plaintiff's Objection, Doc. #38. "Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state." *Jerome-Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999). Plaintiff does not dispute that he is a citizen of Ohio. Because Day Air is a named defendant, and because one of its members is a citizen of Ohio, the Court lacks diversity jurisdiction.

One final note on subject matter jurisdiction. Plaintiff has filed a Motion for a Class Action against Eskenazi, Doc. #27, in which he invokes federal jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d). CAFA grants federal district courts original jurisdiction over civil actions in which the amount in controversy exceeds $5 million, and there is at least minimal diversity of citizenship. *See* 28 U.S.C. § 1332(d)(2). In support of his motion,

Plaintiff alleges only that "Defendant Eskenazi, has erroneously subjected this Plaintiff to incur[red] cost that should have been covered via the Veterans' Affairs. For this reason Plaintiff can not surmise that he is the only victim in this cause of action." Doc. #27, PageID#155.  To the extent that Plaintiff relies on CAFA as a basis for subject matter jurisdiction, this conclusory allegation is woefully insufficient.  Accordingly, the Court finds no basis for federal question jurisdiction.

Based on the reasoning and citations of authority set forth in Magistrate Judge Newman's Report and Recommendations, Doc. #37, as well as on a thorough *de novo* review of this Court's file and the applicable law, the Court ADOPTS said judicial filing in its entirety.  Defendant Day Air Insurance LLC's Motion to Dismiss, Doc. #21, is SUSTAINED, and Plaintiff's Complaint, Doc. #2, is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

If Plaintiff is able to exhaust his administrative remedies in a timely manner with respect to his FTCA claim against the Dayton Veterans Administration Hospital, he may refile this action in federal court on the basis of federal question jurisdiction.  In the alternative, he may refile his state law claims in the appropriate state court.

The following pending motions are OVERRULED AS MOOT:
- Motion to Dismiss of Safeco Insurance Company of Illinois, Suzanne Thomas and Peter Brown (Doc. #12)
- Plaintiff's Motion for Default Judgment (Doc. #13)
- Defendant Eskenazi Health's Motion to Dismiss (Doc. #16)
- Plaintiff's Motion to Strike the Motion to Dismiss of Safeco Insurance Company of Illinois, Suzanne Thomas and Peter Brown (Doc. #18)
- Plaintiff's Motion for the Appointment of Counsel (Doc. #26)

4

- Plaintiff's Motion for a Class Action Against Eskenazi (Doc. #27)

Plaintiff has also filed "Objections" (Doc. #39) to the August 9, 2016, Decision and Entry Overruling Pro Se Plaintiff's Motion for Recusal of Magistrate Judge Michael J. Newman, Doc. #35, and "Objections" (Doc. #40) to the August 11, 2016, Decision and Entry Overruling Plaintiff's Objections to the Amended Report and Recommendations, and to the Order Striking Plaintiff's Writ of Error and/or Motion to Rule Defendant Eskenazi Health's Attorney of Record an Idiot, Doc. #36.

In both documents, Plaintiff apologizes for his lack of civility, blaming his conduct on his post-traumatic stress disorder. He asks the Court to reconsider its previous rulings and to defer any final ruling until he has the opportunity to respond to the August 23, 2016, Report and Recommendations. Given that Plaintiff has already filed his Objection to that Report and Recommendations, Doc. #38, and given that the Court has concluded that Plaintiff's Complaint must be dismissed for lack of subject matter jurisdiction, Plaintiff's additional "Objections," Docs. ##39 and 40, are OVERRULED AS MOOT.

Judgment shall be entered in favor of Defendants and against Plaintiff. Given that any appeal of this Decision and Entry would be objectively frivolous, Plaintiff is denied leave to appeal *in forma pauperis.*

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

5

Date: September 19, 2016

_____
WALTER H. RICE
UNITED STATES DISTRICT JUDGE